T.C. Summary Opinion 2002-66

UNITED STATES TAX COURT

MILAGROS Z. GUECO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 545-01S.                    Filed June 10, 2002.

Milagros Z. Gueco, pro se.

<u>James N. Beyer</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $420 for the taxable year 1998.

The issues for decision are:  (1) Whether petitioner is entitled to deduct a contribution to an Individual Retirement Account (IRA); and (2) whether petitioner is entitled to deduct the payment of certain legal fees.[1]

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference.  Petitioner resided in Philadelphia, Pennsylvania, on the date the petition was filed in this case.

From January through May of 1998, petitioner was employed by the U.S. Defense Finance and Accounting Service.  She earned $32,265 in this position, and was covered by her employer's pension plan during that time.  In May 1998, petitioner's employment was terminated due to a reduction in force. Petitioner was later employed by Management Consulting, Inc., from which she earned $11,051 during 1998.

---

[1]The latter issue was raised by petitioner for the first time in the petition.  Petitioner also asserted for the first time in the petition that she "suffered a loss of $521.00" from a mutual fund investment.  Respondent concedes that petitioner is entitled to deduct this loss, which was not reflected in the notice of deficiency.

Meanwhile, in March 1998, petitioner filed for divorce from her husband. She paid legal fees of $943 in connection with the divorce.[2] No alimony was awarded to petitioner as a result of the divorce; rather, petitioner was required to make alimony payments.

On her 1998 individual Federal income tax return, petitioner reported adjusted gross income of $40,399, reflecting claimed deductions of $2,000 for a contribution to an IRA and $5,000 for payment of alimony. She did not claim a deduction for any portion of the divorce-related attorney fees.

The first issue for decision is whether petitioner is entitled to deduct a contribution to her IRA.

In general, a taxpayer is entitled to deduct the amount of her contribution to an IRA. Sec. 219(a). The deduction in any taxable year generally is limited to $2,000. Sec. 219(b)(1)(A). The amount of the deduction is further limited where the taxpayer is, for any part of the taxable year, an "active participant" under certain pension plans. Sec. 219(g). In such a case, for a taxpayer who files an individual return, the deduction allowable is reduced to zero where the taxpayer's adjusted gross income (as modified by section 219(g)(3)(A)) equals or is greater than $40,000. See id. Petitioner's modified adjusted gross income in 1998 exceeded $40,000. Thus, if petitioner was an active

_____

[2]Petitioner argues that $600 of the fees are deductible.

participant in 1998, she is not entitled to deduct a contribution to an IRA.

An active participant is defined by section 219(g)(5) to include an individual who is an active participant in a plan described in section 401(a). Sec. 219(g)(5)(A)(i). Elaborating upon this circular definition, the regulations provide that an individual is an active participant in a profit-sharing plan if, during the taxable year, (1) a forfeiture is allocated to her account, (2) an employer contribution is added to her account, or (3) a mandatory or voluntary contribution is made by the individual to her account. Sec. 1.219-2(d)(1) and (e), Income Tax Regs. Petitioner admits that during the first 5 months of 1998 she was covered by the pension plan offered by her employer. Furthermore, the Form W-2, Wage and Tax Statement, issued to petitioner for that year indicates she made an elective deferral of $1,056.16. Therefore, petitioner was an active participant in her employer's pension plan.

Petitioner argues that she should be allowed to deduct at least half of the IRA contribution for 1998 because she participated in the pension plan for less than half of the year. The law is clear that the restriction on deductions for contributions to IRA's applies to taxpayers who are active participants for any portion of a taxable year. Sec. 219(g)(1).

We sustain respondent's determination that petitioner is not entitled to the IRA contribution deduction.

The second issue for decision is whether petitioner is entitled to deduct the payment of certain legal fees to her attorney in connection with petitioner's divorce.

Personal, living, and family expenses generally are not deductible by taxpayers. Sec. 262(a). Attorney's fees and other costs paid in connection with a divorce generally are personal expenses and therefore nondeductible. Sec. 1.262-1(b)(7), Income Tax Regs. On the other hand, expenses paid for the production or collection of income, or in connection with the determination, collection, or refund of any tax, generally are deductible. Sec. 212(1), (3). This is the case even if the expenses are paid in connection with a divorce. Sec. 1.262-1(b)(7), Income Tax Regs.; United States v. Gilmore, 372 U.S. 39 (1963); Swain v. Commissioner, T.C. Memo. 1996-22, affd. without published opinion 96 F.3d 1439 (4th Cir. 1996).

The legal fees which petitioner paid to her attorney were paid in order to secure petitioner's divorce. They were not paid in order to secure the production of income (i.e., alimony), and petitioner does not allege that they were paid in connection with any tax advice. Thus, the legal fees are personal expenses which are nondeductible under section 262(a).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

under Rule 155.